# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL BRAUN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 1:15-CV-173 |
| ) | |
| IRL F. ENGELHARDT, RICHARD ) | |
| M. WHITING, MARK N. ) | |
| SCHROEDER, and CHRISTOPHER ) | |
| K. KNIBB, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition to Proceed without Pre-Payment of Fees and Costs, filed by plaintiff, Michael Braun, on July 6, 2015. (DE #2.) For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1);

(2) **DENIES** Plaintiff's request to proceed *in forma pauperis*;

(3) **GRANTS** Plaintiff until January 18, 2016, to submit an amended complaint along with payment of the filing fee; and

(4) **CAUTIONS** Plaintiff that if he does not do so by that deadline, this case will be dismissed without further notice.

Plaintiff filed a complaint and a motion to proceed *in forma pauperis* ("IFP") on July 6, 2015. (See DE #1 & DE #2.) The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1);

see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. See *Smith-Bey*, 841 F.2d at 757.

A court must dismiss a case at any time, notwithstanding any filing fee that may have been paid, if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir.

2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, as to the financial prong of the analysis, Plaintiff indicates that he is unemployed but receives $1,000.00 in social security disability payments per month. (DE #2.) He states that he is financially dependent on his father, Joseph Braun, for support, but he does not indicate the extent of his father's financial help. (*Id.*) He indicates that he has $200 in a checking account, $1,000 in other property or investments, and no dependents. (*Id.*)

The federal poverty guideline for a household of one living in

3

Indiana is $11,770. ANNUAL UPDATE OF THE HHS POVERTY GUIDELINES, 80 Fed. Reg. 3237 (Jan. 22, 2015). The annualized value of Plaintiff's social security disability benefit income alone is $12,000, which is above the federal poverty guideline. Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case.

As to the sufficiency prong of the analysis, in his complaint, Plaintiff takes issue with the actions of several corporate defendants. Specifically, Plaintiff alleges that Richard M. Whiting wrote a letter dated May 22, 2012, that overstated Patriot Coal Corporation's financial position and "implied he was going to be there through everything!" (DE #1, p. 1.) According to Plaintiff, several days later, Richard M. Whiting "flew the coup out of the blue" and resigned his position with the company. (*Id*.) Plaintiff states that Irl F. Engelhardt subsequently "volunteere[d] himself as CEO" and wrote a letter touting Patriot Coal Corporation's bright future. (*Id*.) Plaintiff alleges that these actions were "false, fraudulent, and very misleading" because the men were "secretly scheming" to set up shell corporations for the "sole reason of a quick and dirty New York bankruptcy filing." (*Id*.) Plaintiff alleges that Mark N. Schroeder, Patriot Coal Corporation's Chief Financial Officer, and Christopher K. Knibb, Patriot Coal Corporation's Chief Accountant, overstated the company's financial results and that Christopher K. Knibb "deviously sold $53,000 worth of stock just months before

bankruptcy he never bought a condo in Florida, his only alibi."

(*Id*. at 2.) In sum, Plaintiff alleges that:

> Defendants (1.) violated Generally Accepted Accounting Principles ("GAAP"). (2.) Defendant's expensed the ZVI technology costs but then capitalized the remediation obligations installation costs. (3.) The SEC notified defendants of their GAAP Violations. (4.) Defendants testified during the West Virginia environmental litigation about accounting expenses. (5.) Defendants possessed a strong motive to commit fraud because of their exorbitant salaries. (6.) Defendants statements after the May 8, 2012 restatement deceptively minimized the impact of the restatement.[1]

(*Id*.) Plaintiff alleges that he has suffered damages as a result of the defendants' actions, and he feels like he "bought a used car with the miles rolled way back." (*Id*.) Plaintiff alleges that "[t]his lawsuit is rightly filed in the United States District Court for the Northern District of Indiana since it is for over $75,000 and the defendants are in a different state." (*Id*.)

Although it is not entirely clear, based on the preceding sentence, Plaintiff appears to be attempting to bring some sort of state law claim based on diversity jurisdiction. However, he has not adequately alleged diversity of citizenship between the parties to ensure that this Court has jurisdiction over such an action.

---

[1] Grammatical errors and stylistic differences aside, this paragraph is essentially word for word identical to a paragraph in the Eighth Circuit Court of Appeals' opinion and order dated June 15, 2015, summarizing the plaintiffs' arguments in opposition to dismissal; the plaintiffs' arguments in that case (which involved the same corporate entities and defendants) were ultimately rejected by the Eighth Circuit Court of Appeals. See *Podraza v. Whiting*, 790 F.3d 828, 837 (8th Cir. 2015).

5

Under 28 U.S.C. § 1332(a)(1), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between *citizens of different States*." (emphasis added). When a district court's jurisdiction is based on 28 U.S.C. § 1332, there must be complete diversity between the opposing parties. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As a general rule, when a court has jurisdiction under 28 U.S.C. § 1332, complete diversity must be established at the beginning of the action and subsequent events do not affect the court's diversity jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). However, if an amended pleading is filed by a party, the original pleading is irrelevant and the amended pleading controls the court's jurisdictional analysis. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (explaining that the plaintiff's first amended complaint controlled the court's jurisdictional inquiry, not the original complaint).

Here, Plaintiff simply alleges that the "defendants are in a different state." This is not sufficient. See 28 U.S.C. § 1332; *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002);

6

*Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Plaintiff has not established that diversity jurisdiction exists, and therefore his complaint must be **DISMISSED**.

However, Plaintiff will be given an opportunity to amend his complaint. Should Plaintiff choose to pay the filing fee and amend his complaint, he must adequately allege diversity of citizenship between the parties. Additionally, he should clarify the state law theory under which he is asserting his claims.[2]

CONCLUSION

For the foregoing reasons, the Court:

(1) **DISMISSES** the complaint (DE #1);

(2) **DENIES** Plaintiff's request to proceed *in forma pauperis*;

(3) **GRANTS** Plaintiff until January 18, 2016, to submit an amended complaint along with payment of the filing fee; and

(4) **CAUTIONS** Plaintiff that if he does not do so by that deadline, this case will be dismissed without further notice.

**DATED: December 18, 2015**         /s/RUDY LOZANO, Judge
                                      **United States District Court**

---

[2] On the other hand, if Plaintiff is attempting to bring a federal question action, he should clarify under what federal law or laws his claims arise. As it stands, Plaintiff's complaint fails to state a claim under any theory. See generally *Podraza v. Whiting*, 790 F.3d 828 (8th Cir. 2015) (dismissing the plaintiffs' complaint involving the same corporate entities and defendants for failing to meet the heightened requirement for pleading scienter mandated by the the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. section 78u-4).

7